[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married on June 13, 1964 in Akron, Ohio. The plaintiff has resided in Connecticut since 1986. There are two minor children issue of the marriage, Sarah Hall Heuss born October 4, 1976 and John Loren Heuss, born August 2, 1978.
The evidence presented at trial has clearly established the allegation that the marriage has broken down irretrievably. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in 46b-56, 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
Although the parties have been married for 27 years, they have lived separate and apart for the past seven years.
The defendant wife is 49 years old and in good health. She is a college graduate and has been a real estate sales CT Page 5705 person for the last year and a half. She previously was a teacher prior to the birth of the two children and when the parties lived in England, the defendant had her own china (Porceline) restoration business. The defendant earns approximately $750 per month in her present occupation. The defendant took an active role in the renovation and remodeling of the parties two homes in London. The defendant kept the net proceeds from the sale of the London home, using the proceeds to purchase her present Florida home, unencumbered, a motor vehicle, and the payment of various home improvements and maintenance expenses for this home. There is approximately $45,000 in cash remaining.
The plaintiff husband is 49 years of age and in good health. He has supported his wife and two children now aged 12 and 14 during the past seven year separation without the necessity of a court order. He is presently a Vice President of Citicorp-Citibank, New York and earns a base salary of $120,000 per year plus a discretionary bonus. His bonus in 1990 was $35,000 gross and in 1991 his bonus was $20,000. The present assets of the parties as reflected on the respective financial affidavits were accumulated during the marriage and include the home in Florida occupied by the wife and two children — having a value of approximately $167,000; cash held by the wife in the amount of $45,000 representing the proceeds left from the sale of the London home, the husband's deferred salary account of approximately $142,000; the husband's stock options, and an IRA of $5,400 in the wife's name. The life insurance has a cash value of $23,382.
Both parties agreed the children should continue to attend their private school in Florida and the plaintiff has indicated a willingness to continue to pay this expense.
Unfortunately, the parties were unable to resolve their marital difficulties. The court declines to assess fault for the breakdown of the marriage to either party.
The following orders shall enter:
Real Estate
The defendant wife shall be entitled to the residence in Fort Lauderdale, Florida free of any claims by the plaintiff.
Alimony
The plaintiff shall pay to the defendant as alimony the sum of $1,150 per month. Said alimony shall be paid until the death or remarriage of the defendant, the death of the CT Page 5706 plaintiff, or thirteen years from date, whichever event shall first occur.
1. The parties have agreed and the court enters an order of joint custody of the two minor children with their primary residence to be with the defendant mother.
2. The plaintiff shall have liberal, reasonable and flexible rights of visitation with the minor children.
3. The defendant shall confer and consult with the plaintiff over issues involving education and non-emergency medical care for the minor children. The defendant shall make the primary day-to-day decisions with respect to the welfare and needs of the minor children.
4. The plaintiff shall be responsible for the costs of transportation in connection with the visitation of the minor children.
Support of Minor Children
1. The plaintiff shall pay to the defendant as child support the sum of $1,250 per month per child until each child shall reach the age of 18, become emancipated or die.
2. The plaintiff has executed in writing a stipulation with respect to post 18 education which the court approves and enters as an order. Said stipulation with respect to education, dated May 22, 1991 shall become a part of the judgment file.
3. The plaintiff shall pay the tuition for the minor children at the Pine Crest school for the fall 1991 term.
Medical Insurance
1. The plaintiff shall provide and maintain medical and dental insurance coverage as is available through his place of employment for the benefit of the minor children.
2. The plaintiff and the defendant shall share equally any unreimbursed medical and or dental expense incurred by the minor children.
3. The defendant shall be entitled to COBRA benefits as are available through the plaintiff's medical plan for a period of 36 months at the expense of the defendant.
Other Property CT Page 5707
1. The defendant wife is awarded, by means of a QDRO, 40% of the plaintiff's vested pension. The court shall retain jurisdiction until the appropriate order is drafted.
2. The plaintiff shall be entitled to and is awarded $22,500 of the remaining $45,000 cash presently held by the defendant. The defendant shall transfer this sum to the plaintiff forthwith.
3. Each party shall retain those assets as listed on their respective financial affidavits, unless otherwise disposed of herein.
Life Insurance
1. The plaintiff shall provide and maintain life insurance in the amount of $300,000 for the benefit of the two minor children for so long as he has an obligation for support. This provision shall be modifiable.
2. The plaintiff shall provide and maintain life insurance in the amount of $300,000 for the benefit of the defendant for so long as he has an obligation for alimony. This provision shall be modifiable.
Debts
1. Each party shall be responsible for their own debts as listed on their respective financial affidavits.
Tax Exemptions
The plaintiff shall be entitled to the exemptions for John Heuss and the defendant shall be entitled to the exemption for Sarah Heuss.
Counsel Fees
The defendant is awarded counsel fees in the amount of $2,500.
An immediate withholding is ordered unless the parties agree to a contingent wage execution.
COPPETO, J.